## CIRCUIT COURT OF NOTTOWAY COUNTY

Atlantic Coast Pipeline, L.L.C.

v.

Todd A. Martin
and Donna H. Martin

November 19, 2015

Case No. CL15-120

BY JUDGE PAUL W. CELLA

I am writing to follow up on the hearing that was held November 9, 2015.

Petitioner, Atlantic Coast Pipeline, L.L.C. (ACP), has asked to enter the property of respondents, Todd A. Martin and Donna H. Martin, for the purposes that are authorized under Virginia Code § 56.49-01. The Martins object on the ground that ACP's request is barred by the doctrine of prior public use, as their property is subject to certain contracts that they have entered into with the Piedmont Soil and Water Conservation District regarding maintenance of the property as grassland or forest land.

There are no opinions of the Supreme Court of Virginia that are directly on point, but as ACP's reply memorandum states, the overwhelming weight of authority in courts that have considered this issue is that temporary entry onto property under statutes such as Virginia Code § 56.49-01 does not constitute a taking of private property. Therefore, since ACP is "organized for the *bona fide* purpose of operating a natural gas company," as the statute requires, and since the Martins have stipulated that ACP has complied with the procedural prerequisites that are contained in the statute, ACP's petition should be granted.

I understand the Martins' argument that ACP lacks the authority to condemn their property, but I agree with ACP that issue is not before me, as entry under Virginia Code § 56.49-01 does not constitute a taking and ACP has not instituted a condemnation proceeding at this time. All ACP wants is temporary entry for the limited purposes that are specified in Virginia Code § 56.49-01, and ACP is entitled to that temporary entry. If ACP does institute a condemnation proceeding at a later date, this ruling

will be without prejudice to the Martins' right to renew their arguments at that time.